UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **JASON S. DIONNE AND DENISE C. DIONNE,**<br>　　　　　　**PLAINTIFFS**<br><br>　　　　v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION AND CHASE,**<br>　　　　　　**DEFENDANTS** | **CIVIL ACTION NO.: 15:cv-00056-LM** |

### SURREPLY TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' VERIFIED PETITION FOR EX-PARTE ORDER VOIDING FORECLOSURE AB INITIO OR ALTERNATIVELY TO ENJOIN RECORDATION OF FORECLOSURE DEED AND/OR FOR LEAVE OF COURT TO FILE LIS PENDENS

NOW COME Jason S. Dionne and Denise C. Dionne, Plaintiffs ("Plaintiff") in the above captioned matter, by and through their attorney, David E. Buckley, and files a surreply to Defendant's Motion to Dismiss Plaintiffs Verified Petition for Ex-Parte Order Voiding Foreclosure Ab Initio or Alternatively to Enjoin Recordation of Foreclosure Deed and/or for Leave of Court to File Lis Pendens in the above captioned matter, and states as follows:

1. Defendants' reply to Plaintiff's objection to its motion to dismiss focusing on good faith and the statutory foreclosure process prescribed by RSA 479:25 misses the mark.

2. Plaintiff does not allege the foreclosure process used by Defendant to foreclose Plaintiff's home was statutorily defective because the step-by-step statutory process prescribed by RSA 479:25 is irrelevant in the review of this matter. Plaintiff's well pled facts of their Petition for Ex Parte Order is quite clear on this. (See ¶ 24 of Verified Petition).

3. To the extent that an objection to dismissing Plaintiff's claims premised on the noticed January 12, 2015 foreclosure brought pursuant to RSA 479:25 is required, Plaintiff hereby objects.

4. To the extent that an objection to dismissing Plaintiff's claims premised on the breach of the covenant of good faith and fair dealing is required, Plaintiff hereby objects.

5. However, 12 C.F.R. §1024.41 is the operative law and Defendants never should have carried out the RSA 479:25 foreclosure to begin with because Plaintiff was actively engaged in a loan modification application review. 12 C.F.R. §1024.41 prohibits foreclosure pending the review of a loan modification application, so it doesn't matter that the December 11, 2014 foreclosure notice and subsequent foreclosure were procedurally spot-on because they simply should not have occurred in the first place. (See ¶ 33 and 37 of Verified Petition).

6. Defendant's argument that Plaintiff's claim for injunctive relief is precluded by 12 U.S.C. 2605 (f) is unsupported. Nothing in 12 U.S.C. 2605 (f) precludes equitable relief.

7. Defendant's calculation of the 37 day period, identified in 12 C.F.R. §1024.41(b)(3), using the October 1, 2014 foreclosure date noticed in the August 12, 2014 mailing to Plaintiff is misleading. Defendant fails to mention the October 1, 2014 foreclosure was cancelled and later re-noticed, pursuant to the RSA 479:25 requirements, on December 11, 2014 and

scheduled for auction on January 12, 2015.[1] Using the October 1, 2014 date for calculating the 37 day period is therefore improper and/or voluntarily waived.

8. Defendant's interpretation of <u>Peltier v SunTrust Bank</u> is also misleading.  What Defendant fails to point out in this case, in which the court chose not to rely on the bank's word that the loan modification application was not complete, is that the Plaintiffs defaulted in the prosecution of their own action and that they never once appeared in the case.  The Court made an academic finding that the Plaintiff failed to state a cause of action for relief, but also purposely, and on the record, made no finding as to the completeness of the loan modification application, choosing to not take the lender at its word that the application was incomplete without proof of same.  Defendant in this matter <u>has not</u> produced the loan modification application in support of its claim that Plaintiff's application was incomplete.

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

    a. Deny Defendants' Motion to Dismiss in its entirety;

    b. Allow Plaintiffs' requested relief in its entirety;

    c. Issue an order voiding the foreclosure ab initio;

    d. In the alternative: enjoin the recording of the foreclosure deed;

    e. In the alternative: Issue an order permitting the recording a lis pendens so that a future sale, mortgage, or encumbrance of the subject property will not diminish Plaintiffs' rights to the value of the property, should Plaintiffs prevail in its case.

    f. Award Plaintiffs their costs and reasonable attorney's fees.

    g. Grant such other relief as may be just and equitable.

---

[1] Plaintiff alleges in their underlying pleading that the August 12, 2014 foreclosure notice was statutorily insufficient.  See ¶15, 17 and 24 of Verified Petition.

DATED: April 3, 2015                    Respectfully submitted,

                                                  Denise C. Dionne and
                                                  Jason S. Dionne, Plaintiffs

                                                  By and through their attorney
                                                  Buckley Law Offices, PC

                                                  */s/ David E. Buckley*
                                                  David E. Buckley, Esq.
                                                  30 Temple Street, Suite 210
                                                  Nashua, NH 03060-3449
                                                  PH:  603-595-8801
                                                  FX:  603-595-6391
                                                  EM:  dbuckley@buckleylawoffices.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2015 *Plaintiffs' Surreply to Defendants' Motion to Dismiss the Verified Petition for Ex Parte Order Voiding Foreclosure Ab Initio or Alternatively to Enjoin Recordation of Foreclosure Deed and /or Leave of Court to File Lis Pendens* was electronically served through ECF and/or mailed via first class mail, postage prepaid to:

Nathan Reed Fennessy
nfennessy@preti.com; tworthen@preti.com

1:15-cv-00056-LM Notice, to the extent appropriate, must be delivered conventionally to:

None


                                                          /s/    *David E. Buckley, Esq.*
                                                             David E. Buckley