**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jason S. Dionne and Denise C. Dionne

    v.                                          Civil No. 15-cv-056-LM
                                                    Opinion No. 2015 DNH 086

Federal National Mortgage Association
and JPMorgan Chase Bank, N.A.

**O R D E R**

    The plaintiffs, Jason Dionne and Denise Dionne, sought relief in the Hillsborough County Superior Court following the foreclosure sale of their home by the defendants, Federal National Mortgage Association ("FNMA") and JPMorgan Chase Bank, N.A. ("Chase" and together with FNMA, the "Defendants"). The Dionnes filed a document captioned "Verified Petition for Ex-Parte Order Voiding Foreclosure Ab Initio or Alternatively to Enjoin Recordation of Foreclosure Deed and/or for Leave of Court to File Lis Pendens" (the "Verified Petition").

    After the Superior Court issued an ex parte preliminary injunction enjoining the Defendants from recording the foreclosure deed, but before the date of a scheduled hearing on the matter, the Defendants removed the action to this court. The Defendants have now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court denies the Defendants' motion to dismiss

without prejudice, and grants the Dionnes leave to amend the Verified Petition.

## Factual Background

The court will briefly rehearse the operative facts as set forth in the Verified Petition and in the exhibits attached thereto.  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The subject property, located in Pelham, New Hampshire, has been in the Dionne family since 1976.  Verified Petition (doc. no. 1-1) ¶¶ 8, 12.  Pursuant to a 2006 loan agreement, the Defendants held a mortgage on the property.  On August 12, 2014, Ms. Dionne received a letter from Chase indicating that a foreclosure sale had been scheduled for October 1, 2014.  Id. ¶ 15; see also Ex. 1.  Immediately thereafter, the Dionnes applied for a loan modification, and Chase acknowledged receipt of the application by letter dated August 27, 2014.  Id. ¶ 16; see also Ex. 2.  For reasons that are unclear, the October 1 foreclosure sale did not occur.  Id. ¶ 17.

In October and November of 2014, the Dionnes submitted the financial paperwork that Chase had requested in connection with the loan modification, but were repeatedly informed that Chase had not received the necessary materials.  Id. ¶¶ 18-21; see

also Exs. 3, 4.  On November 18, 2014, before a decision was reached on the loan modification, the Dionnes received a letter from an attorney indicating that the Defendants had authorized another foreclosure sale.  Id. ¶¶ 22-23; see also Ex. 5.  The Dionnes contacted Chase, and were assured that a foreclosure sale would not occur during the pendency of the application. Id. ¶ 23.

Several weeks later, the Dionnes received another letter from the same attorney, indicating that a foreclosure sale had been scheduled for January 12, 2015, despite Chase's assurances that a foreclosure sale would not occur during the pendency of the application for a loan modification.  Id. ¶ 24; see also Ex. 6.  The foreclosure sale took place as scheduled, and the property was sold.  Id. ¶ 26; see also Ex. 7.

The Dionnes filed the Verified Petition in the Hillsborough County Superior Court shortly after the foreclosure sale.  The Dionnes alleged that they had relied to their detriment on Chase's promise that the Defendants would not foreclose during the pendency of the loan modification application, and they alleged that the Defendants violated federal consumer protection law by foreclosing during that period.  After the Superior Court granted an ex parte preliminary injunction barring the recording of the foreclosure deed, but before the Superior Court had an opportunity to hold a scheduled hearing on the matter, the

Defendants removed the proceedings to this court, and have now moved to dismiss the Verified Petition.

## Discussion

The Defendants seek dismissal on various legal and factual grounds. In opposing dismissal, however, the Dionnes write:

> Defendants' argument for dismissal is premature inasmuch as no complaint is presently before the court. Plaintiffs' pleading in issue was filed in state court as an ex parte preliminary injunction seeking temporary relief pending [a] hearing on the merits of the ex parte hearing. Said pleading was not accompanied by a separate complaint at the time, but its filing was contingent on the outcome of the hearing on the merits of the ex parte hearing. . . . Plaintiffs hereby move that their ex parte motion be further allowed pending the filing of a complaint to preserve the status quo until the court issues a decision on the merits of the action.

See Pls.' Objection to Defs.' Mot. to Dismiss (doc. no. 6) ¶¶ 1-2. Though not overtly phrased as such, the court construes this pleading as a motion for leave to amend the Verified Petition.

Federal Rule of Civil Procedure 15 states that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial courts are not to "mindlessly grant every request for leave to amend," and leave is "appropriately denied when, inter alia, the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." Manning v. Bos.

4

Med. Ctr. Corp., 725 F.3d 34, 60-61 (1st Cir. 2013) (citations omitted) (internal quotation marks omitted).

In the court's view, under these circumstances, justice requires that the Dionnes be permitted to file an amended pleading setting forth their allegations against the Defendants. This is particularly true given that the Verified Petition was submitted to the Hillsborough County Superior Court for the express purpose of obtaining immediate, ex parte relief following the foreclosure sale.

## Conclusion

For the foregoing reasons, the Dionnes are granted leave to file an amended version of the Verified Petition within thirty (30) days of the date hereof. The Defendants' motion to dismiss (doc. no. 5) is denied without prejudice, and may be refiled in response to the amended Verified Petition.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 23, 2015

cc:  David E. Buckley, Esq.
     Nathan Reed Fennessy, Esq.