UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | : | |
|---|---|---|
| JASON S. DIONNE AND DENISE C. DIONNE | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 1:15-cv-00056-LM |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION AND CHASE | : : : | |
| Defendants. | : : | |

# DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 23, 2015 ORDER

Defendants Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank, N.A. ("Chase") (collectively "Defendants") by and through their attorneys, Preti Flaherty Beliveau & Pachios, PLLP, respectfully submit this Motion for Reconsideration of the Court's April 23, 2015 Order ("Motion"), and in support thereof, state as follows:

1. Defendants submit this Motion pursuant to L.R. 7.2(d) as the Court's April 23, 2015 Order ("Order") appears to be based upon manifest errors of law and fact.

2. The Court's Order denied Defendants' Motion to Dismiss without prejudice because it construed language in Plaintiffs' Objection to be a motion for leave to amend the Verified Petition. [Doc. 11] at p. 4. The language cited indicates that Plaintiffs believed dismissal was not appropriate because "no complaint is presently before the court." [Doc. 6] at ¶¶ 1-2. The Court appears to have adopted the Plaintiffs' rationale in finding that amendment was appropriate because "the Verified Petition was submitted to the Hillsborough County Superior Court for the express purpose of obtaining immediate, ex parte relief following the

foreclosure sale." [Doc. 11] at p. 5. The Court's conclusion appears to be based on a misunderstanding of the relevant state court pleadings in such matters, which has led the Court to misapply the Federal Rules pertaining to amendments of pleadings.

3. First, there is no requirement for a "separate" complaint under the New Hampshire Superior Court Rules that took effect on October 1, 2013. *See* Superior Court Rule-Civil 6 (describing pleadings allowed). Instead, the initial filing is treated as a complaint. *See* Ex. A (Superior Court form for Complaint to Enjoin Foreclosure). And the court need only allow substantive amendments to the complaint when necessary to prevent injustice. *Lamprey v. Britton Constr., Inc.*, 163 N.H. 252, 261 (2012). "A substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied." *Id.*

4. Second, the petition was not filed immediately after the foreclosure sale. Plaintiffs received notice of the foreclosure sale scheduled for January 12, 2015 on or about December 11, 2014. [Doc. 1-1] at ¶ 24. Plaintiffs did not file a complaint to enjoin the foreclosure sale or take any other actions to stop the foreclosure sale on January 12th. Instead, Plaintiffs waited nearly a month after the foreclosure sale took place before they filed this action in state court to stop the recording of the foreclosure deed. [Doc. 1-1] at p. 9.

5. Third, Plaintiffs purported request to amend does not comply with Federal Rule Civil Procedure 15(a) or Local Rule 7.1(a). Plaintiffs had the opportunity to amend their pleading as a matter of course in response to Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). They chose not to. Instead, the Court ascertained that language in Plaintiffs' Objection to the Motion to Dismiss was intended to be a request for leave to amend their pleading pursuant to Fed. R. Civ. P. 15(a)(2). [Doc. 11] at p. 4. The problem is that this Court's

Local Rules expressly prohibit a party from combining objections and requests for relief in a single filing. *See* L.R. 7.1(a)(1) ("Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). Defendants might understand the Court's willingness to overlook the Federal Rules and its own Local Rules to entertain a request to amend a pleading contained in an objection if the Plaintiffs were self-represented parties. They are not. They are represented by a member of this Court who is expected to comply with the Federal Rules and the Local Rules of this District. By granting Plaintiffs the ability to request and obtain leave to amend their complaint in this matter, Defendants have been deprived of the opportunity to contest the Plaintiffs' request.

6. Fourth, granting Plaintiffs the relief sought in this manner sets an unfortunate precedent for future foreclosure related matters that are removed to this Court. The Federal Rules and the Local Rules provide a process by which plaintiffs may amend their pleadings and style affirmative motions for relief to this Court. The Court's Order provides an invitation to borrowers and their counsel – looking to delay the foreclosure or eviction process – to ignore the relevant Federal and Local Rules and instead wait until they file their objections to a defendant's motion to dismiss or for summary judgment to raise requests to amend their state court pleadings on the basis that those pleadings had only been filed "for the express purpose" of obtaining "ex parte relief." This practice is likely to harm judicial efficiency by delaying the time by which the operative pleadings are put in front of the Court and waste judicial resources on deciding the first round of motions to dismiss and summary judgment on procedural issues rather than the substantive merits.

WHEREFORE, for the reasons set forth above, Defendants respectfully requests this Honorable Court:

A. Grant their Motion for Reconsideration;

B. Grant Defendants' Motion to Dismiss and enter Judgment in Defendants' favor; and

C. Grant such other relief as may be just and proper.

Respectfully submitted,

FEDERAL NATIONAL MORTGAGE ASSOCIATION AND JPMORGAN CHASE BANK, N.A.

By its attorneys,
PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Date: May 6, 2015

*/s/ Nathan R. Fennessy*
Nathan R. Fennessy, NH Bar # 264672
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
nfennessy@preti.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2015 I forwarded a copy of the foregoing *Defendants' Motion for Reconsideration of the Court's April 23, 2015 Order* to all counsel of record via the Court's ECF system:

*/s/ Nathan R. Fennessy*
Nathan R. Fennessy

8377334.1