UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **JASON S. DIONNE AND DENISE C. DIONNE,**<br>            **PLAINTIFFS**<br><br>v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION AND CHASE,**<br>            **DEFENDANTS** | **CIVIL ACTION NO.: 15:cv-00056-LM** |

## OBJECTION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 23, 2015 ORDER

NOW COME Jason S. Dionne and Denise C. Dionne, Plaintiffs ("Plaintiffs") in the above captioned matter, by and through their attorney, David E. Buckley, and objects to Defendants' Motion for Reconsideration of the Court's April 23, 2015 Order, and states as follows:

1. This Honorable Court deemed that it was in the interest of justice that Plaintiff be permitted to amend their pleading and, through its inherent power, granted Plaintiff leave to make such amendment. The Court's decision is supported by the Federal Rules of Civil Procedure: "Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(B)(2). "Provision for amendment of pleading before trial, by leave of court, is in almost every code. If there is no statute the power of the court to grant leave is said to be inherent." Notes of Advisory Committee on Rules—1937, Note to Subdivision (a) Clark, *Code Pleading*, (1928) pp. 498, 509.

2. Defendant's argument that there is "no requirement for a 'separate' complaint under New

Hampshire Superior Court Rules" and that "the initial filing is treated as a complaint" is conclusory, unsupported by case law, and simply irrelevant under the circumstances. "Exhibit 'A'" referenced in in Defendant's pleading styled as "Superior Court Form for Complaint to Enjoin Foreclosure" was omitted from Defendant's filing but, regardless of the omission, Plaintiff did not file a Complaint to Enjoin Foreclosure.  The foreclosure had already occurred.  Plaintiff filed a well pleaded petition for an ex-parte order seeking to cloud title on their house of over 30 years to prevent it from being transacted and, if successful, be given the opportunity to be heard on the merits.  Most ex-parte pleadings are prepared in "last minute" circumstances and often times the goal is to stop something irreparable from occurring. Having the luxury of time is not typically afforded when drafting ex parte pleadings and that is why, in the interest of justice, there are rules in place that allow for amendment of such documents before trial, such as Fed.R.Civ.P. 15(a)(B)(2) and during trial, such as Fed.R.Civ.P. 15(a)(2), (d).  These remedies are available at the state court level as well.  "A plain error that affects substantial rights may be considered and corrected by the court of its own initiative or on the motion of any party". Superior Court Rule 1(e); "Amendments in matters of substance may be made on such terms as justice may require." Superior Court Rule 12(a)(3); "Amendments may be made to the Complaint or Answer upon the order of the court, at any time and on such terms as may be imposed." Superior Court Rule 12(a)(4).  Having such rules in place allow for the fair redress of alleged harms without the fear of having a matter dismissed because error, omission or oversight were made in the initial pleadings.

3. Defendant's apparent laches argument concerning Plaintiff's delay in filing a cause of

action relative to the foreclosure fails to acknowledge that the reason for this, which is stated in Plaintiff's Verified Petition for Ex Parte Order, is that Plaintiff relied to their detriment on the statement by Chase that a foreclosure would not occur pending the review of their loan modification application and Chase's reiteration of this assertion upon Plaintiff's receiving a foreclosure notice. [Doc1-1] at ¶ 22-26. Stating further, Plaintiff did not take immediate legal action after the foreclosure because they did not think they had any options, recourse or remedy at law up until such time that they conferred with counsel whereupon the cause action in issue was filed.

4. Defendant's argument that the Local Rules prohibit multiple pleadings within the same document overlooks L.R 1.3(b), which states "[t]he court may excuse a failure to comply with any local rule whenever justice so requires."

5. While it warms the cockles of Plaintiff's heart that Fannie Mae and Chase Bank are concerned about judicial economy and the smooth administration of justice, Defendant's premonition of the return to a Dickensian Bleak House if Plaintiff is permitted to amend their pleading is a bit overstated.  Matters such as this one are literally taken on a case by case basis and they rise and fall on their own merit of justice requiring an accommodation. No precedent will be set by allowing Plaintiff to amend.

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

    a. Deny Defendants' Motion for Reconsideration in its entirety;

    b. Allow Plaintiffs' requested relief in its entirety;

    c. Grant such other relief as may be just and equitable.

DATED: May 16, 2015                        Respectfully submitted,

                                                          Denise C. Dionne and
                                                          Jason S. Dionne, Plaintiffs

                                                          By and through their attorney
                                                          Buckley Law Offices, PC

                                                          */s/ David E. Buckley*
                                                          David E. Buckley, Esq.
                                                          30 Temple Street, Suite 210
                                                          Nashua, NH 03060-3449
                                                          PH:  603-595-8801
                                                          FX:  603-595-6391
                                                          EM:  dbuckley@buckleylawoffices.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2015 *Plaintiffs' Objection to Defendants' Motion for Reconsideration* was electronically served through ECF and/or mailed via first class mail, postage prepaid to:


Nathan Reed Fennessy
nfennessy@preti.com; tworthen@preti.com

1:15-cv-00056-LM Notice, to the extent appropriate, must be delivered conventionally to:

None

                                                          /s/   *David E. Buckley, Esq.*
                                                              David E. Buckley