UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JASON S. DIONNE )<br>KATHERINE DIONNE AND )<br>DENISE C. DIONNE, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL NATIONAL MORTGAGE )<br>ASOCIATION AND JPMORGAN CHASE )<br>B A N K )<br>    Defendants. )<br>_____ ) | Docket No. 15:cv-00056-LM |

### PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO STAY DISMISSAL WITH INCORPORATED MEMORANDUM OF SUPPORT

Plaintiffs, Jason S. Dionne, Katherine Dionne, and Denise C. Dionne move the Court for enforcement of settlement, and for counsel fees. In support of their motion state the following:

1. Plaintiffs reached a settlement with Defendants Federal National Mortgage Association (FNMA) and JPMorgan Chase Bank (Chase) on December 21, 2016, and notified the Court of the settlement.

2. The parties were given until January 20, 2017 to complete settlement and dismiss this action.

3. The parties, through counsel, confirmed the material terms of settlement in emails dated December 21-22, 2016 attached hereto as Exhibit 1.

4. Chase/FNMA agreed to circulate a draft Agreement memorializing the terms for review.

5. By January 17, 2017 Chase/FNMA had not provided a draft Agreement to the Plaintiffs and the Plaintiffs filed a motion to extend the time to complete settlement.

6. The Motion was granted and the parties were given until February 21, 2017 to complete settlement and dismiss the matter.

7. Chase/FNMA provided the Plaintiffs with a draft settlement agreement on January 18, 2017 that had not yet been fully approved by Chase or FNMA. A copy of the January 18, 2017 email exchange between counsel is attached hereto as Exhibit 2 and the January 18, 2017 Agreement is attached hereto as Exhibit 3.

8. Plaintiffs provided edits to the Agreement to Chase/FNMA's counsel on January 25, 2017.

9. Plaintiffs sought a response of the edits on February 2, 2017 but Chase/FNMA did not provide one. A copy of the email exchange between counsel from January 25, 2017 to February 2, 2017 is attached hereto as Exhibit 4.

10. The parties disagreed on certain terms and language in the Agreement and by February 10, 2017 Chase/FNMA provided an edited draft of the Agreement to Plaintiffs. A copy of the email exchange between counsel from February 8-15, 2017 is attached hereto as Exhibit 5. Attached hereto as Exhibit 6 is a February 10, 2017 draft of the settlement agreement.

11. The Plaintiffs sought one language change in the Agreement on that same day. *See* Exhibit 5.

12. The parties again sought additional time to finalize settlement and filed a Motion on February 17, 2017.

13. The Court granted the parties until March 23, 2017 to Execute Settlement and File a Stipulated Motion of Dismissal.

14. Despite requests for Plaintiff's counsel to Defendants' counsel on February 23, 2017, March 1, 2017, and March 13, 2017, including an explanation on that date that the Plaintiff

would be seeking to compel enforcement of the Agreement along with fees for doing so without a response from the Defendants on the Agreement, Defendants have still not provided final approval let alone a signature on the Agreement. Attached hereto as Exhibit 7 is an email exchange between counsel on February 23, 2017. Attached hereto as Exhibit 8 is an email exchange between counsel dated March 13, 2017.

15. The Plaintiffs seek an Order from the Court to enforce settlement immediately per the February 10, 2017 Agreement with Plaintiff's edits.

16. In the alternative, the Plaintiffs seek Judgment for the Plaintiffs in the amount stated in the Agreement to be paid within 15 days of the Order.

17. Plaintiffs also seek judgment in the amount of $1020.00, as their attorneys' fees incurred in seeking to enforce the settlement as follows:

| | |
|---|---|
| Emails to Opposing Counsel to Effectuate Settlement Since February 10, 2017 | .2 |
| Legal Research on Enforcement of Settlement Terms Motion to Seal | .6 |
| Drafting of Motion to Enforce Settlement Terms | 1.3 |
| Review and compilation of Exhibits for Motions | .4 |
| Drafting of Motion to Seal | .9 |
| TOTAL: | 3.4 |

Hourly rate for Attorney Andrea Bopp Stark (20 years' experience in civil litigation), $300 x 3.4 = **$1020**

18. Counsel for Plaintiffs attempted to gain consent of this Motion from counsel for Defendants but was unable to obtain a response before filing.

## MEMORANDUM IN SUPPORT
## THIS AGREEMENT IS ENFORCEABLE SUMMARILY

If a "settlement collapses before the original suit is dismissed, the party who seeks to keep the settlement intact may file a motion for enforcement." *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999) (internal citations omitted). The Court may enforce a purported settlement agreement when there is no genuine issue of material fact regarding the existence or terms of the agreement and the other party refuses to comply. *Id.* Settlement agreements are a preferred outcome for Court's to avoid expensive, time-consuming litigation. *Fidelity and Guar. Ins. Co. v. Stark Equipment Corp.* 541 F.3d 1, 5. (1st Cir. 2008).

The parties in this matter agreed on clear and unambiguous material settlement terms that would dispose of all claims in this matter on December 21, 2016 and as such, notified the Court of settlement. *See* Exhibit 1. Counsel for Chase/FNMA outlined the terms and Counsel for the Plaintiffs agreed with the terms. *Id.* In New Hampshire, the parties' counsels' action is binding on the parties. *See Manchester Housing Authority v. Zyla*, 385 A.2d 225, 226-7 (D.N.H. April 25, 1978). As of that date, a binding agreement was in effect. As of February 10, 2017, after going back and forth on language, all that remained was a slight language change in the mutual release provision. *See* Exhibits 5, 6 The Defendants have not been able to provide a response on the proposed language change for five weeks forcing the Plaintiffs to file this Motion, along with a Motion to Seal, and seek relief for a third time from the Court's March 23, 2017 deadline to execute settlement and dismiss the action.

WHEREFORE the Plaintiffs seek immediate enforcement of the February 10, 2017

Agreement and proposed language change, a stay of the dismissal of this action and legal fees incurred in drafting and filing this Motion and the Motion to Seal in the amount of $1020.

Respectfully submitted this 20th day of March, 2017.

                Jason S. Dionne, Denise C. Dionne, and
                Katherine Dionne,
                Plaintiffs
                By and through their attorneys

                */s/ Andrea Bopp Stark, Esq.*
                Andrea Bopp Stark, Esq.,
                NH Bar No. 21263
                MOLLEUR LAW OFFICE
                419 Alfred St.
                Biddeford, ME 04005
                207-283-3777
                andrea@molleurlaw.com

                David E. Buckley, Esq.
                Buckley Law Offices, PC
                30 Temple Street, Suite 210
                Nashua, NH 03060-3449
                PH: 603-595-8801
                FX: 603-595-6391
                EM: dbuckley@buckleylawoffices.com

CERTIFICATE OF SERVICE

     I, Andrea Bopp Stark, hereby certify that I am over eighteen years old and caused a true and correct copy of Plaintiffs' Motion to Enforce Settlement Agreement and Stay Dismissal to be served on the parties per the Court's ECF System on March 20, 2017.

Dated: March 20, 2017

                By: */s/ Andrea Bopp Stark*
                    Andrea Bopp Stark
                    Molleur Law Office
                    419 Alfred Street

Biddeford, ME 04005-3747<br>
207-283-3777<br>
andrea@molleurlaw.com

## SERVICE LIST

**<u>Served electronically:</u>**

All parties on Court ECF mailing list including Nathan R. Fennessy, Counsel for Defendants